UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-20081-CR-ALTMAN

UNITED STATES OF AMERICA,

vs.

EMMANUEL SYLVESTRE,

　　Defendant.
_____/

## RESPONSE TO AMICUS MEMORANDUM & AMENDED MOTION TO DISMISS COUNT 2

Emmanuel Sylvestre, through undersigned counsel, respectfully responds to Paul D. Clement's Amicus Memorandum[1] and amends his previously-filed motion to dismiss Count 2 by adding an as-applied challenge to the constitutionality of 18 U.S.C. § 611.  As explained below, Count 2 must be dismissed.

As a starting point, Mr. Sylvestre fully adopts and incorporates Mr. Clement's Memorandum that was submitted in *United States v. Cox*, Case No. 25-cr-60249 (S.D. Fla.) (DE 46).[2]  Mr. Clement concluded that "with respect to noncitizens in the States," § 611 is an unconstitutional exercise of Congressional authority.  (Memo. at 52).  As relevant here, Mr. Clement reasoned

> Cox is being prosecuted for voting in a federal election in Florida; the
> Constitution clearly prohibits the federal Congress from setting a

---

[1] This filing will cite to Mr. Clement's Amicus Memorandum with the abbreviation "Memo."

[2] The Court also invited Mr. Clement's participation in this case because Mr. Sylvestre raised the same constitutional issues as the defendant in *Cox*.  (*See* DE 43 at 13–16).

federal voting qualification in that election; and any fair reading of §611 yields the conclusion that Congress intended to do preciously what the Constitution forbids.

At bottom, Mr. Clement's Memorandum thoroughly refutes all the Government's arguments regarding the constitutionality of § 611.

Although Mr. Clement's Memorandum is overwhelmingly helpful for Mr. Sylvestre, Mr. Clement raised one point that leads Mr. Sylvestre to amend his motion to dismiss Count 2. In his motion to dismiss, Mr. Sylvestre raised a facial challenge to § 611. (*See* DE 20 at 1, 11). Such a challenge requires the movant to "establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). But Mr. Clement noted that there is perhaps one conceivable scenario where § 611 is constitutional: "federal elections in the District of Columbia where there is no applicable state law setting voter qualifications." (Memo. at 46–47). As Mr. Clement observes, "[t]here is no apparent reason that Congress' plenary authority over the District would not allow Congress to prohibit alien voting, see U.S. Const. art. I, §8, cl. 17, and nothing in the constitutional provisions authorizing states to set voter qualifications would apply to the District." (Memo. at 47). Thus, Mr. Clement concluded that § 611 is unconstitutional as applied "to noncitizens in the States." (Memo. at 52).

Given Mr. Clement's identification of one possible scenario where § 611 may be valid, Mr. Sylvestre amends his motion to dismiss, adding an as-applied challenge to the constitutionality of § 611. *See Salerno*, 481 U.S. at 745 n.3 (noting that an as-applied challenge to the constitutionality of a legislative act asserts that

the act is unconstitutional "because of the way it was applied to the particular facts of [the] case"); *see also Abramson v. Gonzalez*, 949 F.2d 1567, 1573 (11th Cir. 1992) ("Normally, a plaintiff challenging the constitutionality of a statute may not argue that the law in invalid in all of its applications, but must show how it has infringed his or her rights in particular.").

Here, Mr. Sylvestre is alleged to have voted in Florida, not in Washington, D.C., and so the narrow exception identified by Mr. Clement does not apply here. For the reasons laid out in Mr. Sylvestre's underlying briefing and in Attorney Clement's brief, § 611 is unconstitutional as applied to him because the federal government cannot dictate a voter qualification to the State of Florida. Accordingly, Count 2 must be dismissed.

Respectfully submitted,

**HECTOR A. DOPICO**
**FEDERAL PUBLIC DEFENDER**

By: */s/Alexandra Hoffman*
Alexandra Hoffman
Assistant Federal Public Defender
Florida Bar No. 1011796
150 W. Flagler Street, Suite 1700
Miami, Florida 33130
Tel: 305-530-7000
E-Mail Address: alexandra_hoffman@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/Alexandra Hoffman*
Alexandra Hoffman